UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DANIEL P. KELLY, JR., <br><br> Plaintiff, <br><br> v. <br><br> PENNYMAC LOAN SERVICES, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br><br> CASE NO. 3:22-cv-01412 <br><br><br> DEMAND FOR JURY TRIAL |

### COMPLAINT

NOW comes DANIEL P. KELLY, JR. ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of PENNYMAC LOAN SERVICES, LLC ("Defendant"), as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 stemming from Defendant's unlawful conduct.

#### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion of the events that gave rise to this action occurred within the Northern District of Texas.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing in Dallas, Texas, which lies within the Northern District of Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a limited liability company formed under the laws of the state of Delaware, and has a principal place of business located at 3043 Townsgate Road, Suite 200, Westlake Village, California. Defendant provides mortgage loans and other financial services to consumers nationwide, including in the state of Texas.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In approximately 2013, Plaintiff obtained a mortgage for his primary residence from Defendant ("subject debt").

10. However, due to financial hardships and the impact of the COVID-19 pandemic, Plaintiff was unable to keep up with payments and entered a forbearance period in connection with the subject debt.

11. On or around February of 2022, Plaintiff began receiving calls to his cellular phone number, (651) xxx-5132, seeking to collect on purportedly past due payments in connection with the subject debt.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -5132. Plaintiff is and has always been financially responsible for the cellular phone and its services.

13. Defendant regularly calls from a variety of unknown and distinct number when placing collection calls to Plaintiff's cellular phone, and Defendant's phone calls often result in Defendant leaving prerecorded voicemails on Plaintiff's cellular phone requesting Plaintiff to call it back at (866) 629-4570.

14. Upon answering Defendant's calls, Plaintiff has further been subjected to prerecorded messages before being connected to any live representative.

15. Plaintiff, through his contacts with Defendant, was informed that Defendant was attempting to collect upon the subject debt.

16. Upon speaking to Defendant, Plaintiff explained his financial situation, that he believed Defendant was misstating how far he was behind and when the forbearance period purportedly ended, and requested that Defendant cease contacting him on his cellular phone.

17. Furthermore, Plaintiff has sent Defendant written correspondence demanding that phone calls to his cellular phone cease.

18. Defendant has willfully ignored Plaintiff's requests and written demand and has continued placing phone calls to Plaintiff's cellular phone up until the filing of this Complaint.

19. Defendant has placed dozens of calls to Plaintiff's cellular phone, using prerecorded messages, notwithstanding his written and oral demands that such phone calls cease.

20. Frustrated and concerned over Defendant's conduct, Plaintiff spoke with his undersigned attorney regarding his rights, resulting in exhausting time and resources.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls, emotional distress, and numerous violations of his state and federally protected interests to be free from harassing phone calls on the part of entities collecting debt.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Claimant repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using pre-recorded messages without their consent.

25. Defendant's phone calls to Plaintiff's cellular phone consistently utilized prerecorded messages, thus bringing its phone calls within the ambit of the TCPA.

26. Defendant violated the TCPA by placing numerous phone calls to Claimant's cellular phone using pre-recorded messages without his consent. Any consent that Plaintiff may have given to Defendant by virtue of incurring the subject debt was specifically revoked by Plaintiff's demands, both oral and in writing, that Defendant cease contacting him.

27. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

28. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). After Plaintiff notified Defendant of his demands to

cease calling both verbally and in writing, Defendant unlawfully continued placing unwanted collection calls to Plaintiff's cellular phone. Accordingly, Defendant had knowledge of Plaintiff's request, but knowingly and intentionally continued to place numerous calls to his cellular phone.

WHEREFORE, Plaintiff, DANIEL P. KELLY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

29. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

31. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

32. The subject debts are "consumer debt(s)" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.302**

33. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

34. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone numerous times after he notified it to stop calling. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by his wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

    b. **Violations of TDCA § 392.304**

35. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

36. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting his cellular phone using prerecorded messages absent his consent. Such lawful ability was revoked upon Plaintiff demanding that Defendant stop calling his cellular phone, illustrating the deceptive nature of Defendant's conduct.

37. Defendant further violated the TDCA when it deceptively represented how far Plaintiff was behind on the subject debt and when the forbearance period ended. Upon information and belief, Defendant deceptively represented that Plaintiff's forbearance period ended earlier than it did so as to convince Plaintiff he was further behind on payments that he actually was, so as to scare Plaintiff into addressing the subject debt promptly despite his financial difficulties.

WHEREFORE, Plaintiff, DANIEL P. KELLY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

    c.  Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

    d.  Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

    e.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

    f.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

    g.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 30, 2022

Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com